IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WADE LASALLE BECK,**

        **Plaintiff,**

    v.                                       CASE NO. 09-3203-SAC

**DEPARTMENT OF JUSTICE,**

        **Defendant.**

**O R D E R**

Plaintiff initiated this action on a pleading titled "Complaint for Declaratory Relief," naming the Department of Justice as the sole defendant. The court granted plaintiff provisional leave to proceed in forma pauperis subject to plaintiff's filing of a court approved form motion for seeking leave to proceed in forma pauperis, supported by a certified accounting of plaintiff's inmate trust fund account for the six month period preceding plaintiff's submission of his complaint. 28 U.S.C. § 1915(a)(2). The court also directed plaintiff to submit his complaint on a court approved form as required by court rules. Plaintiff has now complied with both court directives.

*Motion to Proceed In Forma Pauperis*, *28 U.S.C. § 1915*

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an

initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records for that six month period, the court finds the average monthly deposit to plaintiff's account is $50.00 and the average monthly balance is $14.46. The court therefore assesses an initial partial filing fee of $10.00, twenty percent of the average monthly deposit. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In his original pleading, plaintiff seeks damages for "rays or ultra rays" he says he detected in his Federal Prison Industries (FPI) workplace in March 2009, and states his health began to rapidly decline thereafter. Plaintiff broadly complains of inhumane workplace conditions, and asks the court to order FPI to comply with all regulations. In his subsequent form complaint he asks for damages, but provides little additional information to understand

2

what if any claim is being asserted.  In sum, plaintiff (1) states that FPI complied with all legal requirements and that its actions were valid; (2) references an administrative response which indicates he was removed from his job because he reported that it made him sick; (3) cites a tort claim he may have submitted without any further details or information; and (4) simply states he "consumed the experiment" pursuant to Department of Justice policy and in the interest of FPI.

The court liberally construes plaintiff's original pleading and form complaint as a supplemented complaint, and finds it is subject to being summarily dismissed because plaintiff's allegations are too sparse and bizarre to warrant a response, because plaintiff provides no factual support for finding an actionable claim under the Federal Tort Claims Act, and because sovereign immunity bars his request for damages from the Department of Justice.

**Notice and Show Cause Order to Plaintiff**

Plaintiff thus is directed to show cause why the supplemented complaint should not be dismissed pursuant to 28 U.S.C. § 1915A(b) for the reasons stated by the court.  The failure to file a timely response may result in this action being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $10.00.  Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the supplemented complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 20th day of November 2009 at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge